# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF
# IOWA CENTRAL DIVISION

| | |
|---|---|
| Heidi Wiley, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>Screening Reports, Inc. a/k/a BetterNOI, LLC a/k/a BetterNOI,<br><br>Defendant. | **Civil Action No.**<br><br><br>**CLASS ACTION COMPLAINT AND JURY TRIAL DEMANDED** |

COMES NOW the Plaintiff, Heidi Wiley, on behalf of herself and all others similarly situated, and for her Class Action Complaint against the Defendant, Screening Reports, Inc. state as follows:

## INTRODUCTION

1. Heidi Wiley (hereinafter "Wiley" or "Plaintiff"), individually, and on behalf of all others similarly situated, brings this Complaint for damages against Defendant, Screening Reports, Inc. (hereinafter "Screening Reports" or "Defendant), and for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq (hereinafter "FCRA"), which prohibits unfair credit reporting methods.

2. Accordingly this Class Action Complaint seeks declaratory judgment, injunctive relief, as well as actual, punitive, and statutory damages against the Defendant for failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the consumers background reports relating specifically to criminal record information.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

4. Venue in this District is proper under 28 U.S.C § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in Polk County, Iowa.

## PARTIES

5. Plaintiff, Heidi Wiley, is a natural person residing in Polk County, Iowa and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant, Screening Reports, Inc. ("Defendant" and/or "Defendant Screening Reports"), is a business principally located in Illinois who is a "person" as that term is defined by 15 U.S.C. § 1681a(b). Defendant has headquarters located at 220 Gerry Dr, Wood Dale, Illinois 60191 and a agent for service of process of Joseph S. Messer, 225 W. Washington St., #575, Chicago, Illinois 60606.

7. Defendant is a "credit reporting agency," as the term is defined by 15 U.S.C. § 1681a(f), which for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

8. For the purposes of the above-captioned Complaint the term "consumer report" is defined by 15 U.S.C. § 1681a(d)(1).

9. Defendant is engaged in the business of preparing and issuing consumer reports with the intent that those reports be used by its customers.

10. Defendant engages in business nationally and its reports contain information about criminal legal proceedings throughout the country.

**FACTUAL ALLEGATIONS**

11. On or about July 7, 2020 Plaintiff Heidi Wiley submitted an application for an apartment lease to Cambridge Court-Hayloft Management (hereinafter "Hayloft") in West Des Moines, Polk County, Iowa.

12. On July 8, 2020 Hayloft sent Plaintiff a letter (hereinafter "denial letter") informing her that her apartment lease application was denied. In the denial letter Hayloft stated,

   "The decision by Cambridge Hayloft Management to NOT ACCEPT your application under our standard lease terms was based on information contained in a consumer report through the consumer reporting agency listed below."

   A copy of the denial letter is attached hereto as <u>Exhibit A</u>.

13. The phrase "consumer reporting agency listed below" stated in the denial letter and referenced in paragraph 12 herein was Defendant Screening Reports.

14. Hayloft went onto further explain why Plaintiff's lease was denied. In Hayloft's denial letter Hayloft stated as a contributing factor in its decision to deny Plaintiff's application for an apartment lease, "credit report does not match company guideline, criminal record match."

15. On July 9, 2020 Hayloft contacted Plaintiff by telephone to advise her that her application had been denied but did not provide details for the denial. Hayloft

16. provided contact information for BetterNOI (a/k/a Defendant Screening Reports) to Plaintiff so that she could find out information as to why her application was denied.

16. Subsequent to Plaintiff's phone call with Hayloft, Plaintiff spoke with Defendant and Defendant advised that Plaintiff was being denied because of a felony conviction in the Iowa District Court for Union County; Case No. FECR008965 (hereinafter "FECR008965").[1] Plaintiff immediately advised Defendant that the information regarding the criminal conviction was incorrect and that she had never been convicted of a felony.

17. After initially speaking with Defendant, Plaintiff called Defendant every day to try to get a copy of her consumer report and to try to get Defendant to take the necessary steps to correct the misinformation contained in her consumer report. After some delay, Defendant eventually provided Plaintiff a copy of the original consumer report which was prepared by Defendant and provided to Hayloft.

| FELONY GUILTY | VIOLATION OF PROBATION | UNION, IL 05881FECR008965 | 02/09/2010 |
| FELONY GUILTY | FORGERY | UNION, IA 05881FECR008965 | 02/09/2010 |

18. The consumer report inaccurately reported Plaintiff's criminal record by reporting that Plaintiff has been convicted of a felony in the Iowa District Court for Union County, case number "FECR008965. In addition, the consumer report inaccurately reported a violation of probation as a felony in the same case.

---

[1] The consumer report indicated the Court was in Union County, Illinois but the parties determined fairly quickly that correct court was in Union County, Iowa.

19. Plaintiff has not been convicted of a felony. Pursuant to the Court's Order entered on April 27, 2008 in FECR008965; Plaintiff's Class D Felony charge was "dismissed by the court." A copy of the front page of records obtained through Iowa Courts Online regarding case number FECR008965 is attached hereto as <u>Exhibit B</u> which clearly states the same.

20. Iowa Courts Online is a free public service that shows details of court proceedings, including criminal court proceedings, in the state of Iowa. All that is required to complete a statewide search is an individual's first and last name. Search parameters can be restricted to a county or the nature of a case (civil, criminal, etc.) for a narrower search.

21. Defendant chose not to use Iowa Courts Online or any other service to discover that Plaintiff had not been convicted of a felony before preparing and issuing a consumer report about her. In addition, Defendant did not contact the Union County Clerk of Court's Office to verify Plaintiff had not been convicted of a felony before preparing and disseminating Plaintiff's credit report.

22. Plaintiff had to do all the necessary leg work to get information regarding the legal matter in Union County, Iowa and provide the same to Defendant in order to get the Defendant to take steps to fix its errors even though the Defendant stated it would have the matter resolved in under 72 hours. As best Plaintiff can tell, Defendant took no steps to resolve this matter.

23. Defendant acknowledged the error in the consumer report by amending the consumer report to read that Plaintiff had not been convicted of a felony in

FECR008965. Further, Defendant amended the level of criminal conviction in the probation violation matter in the same case from a "felony" to a "gross misdemeanor.".

| **GROSS MISD GUILTY** | VIOLATION OF PROBATION | UNION, IL 05881FECR008965 | 02/09/2010 |
|---|---|---|---|

24. The state of Iowa does not recognize the term "gross misdemeanor" as a level of criminal offense.

25. Notwithstanding Defendant's inaccurate reporting, continued violation of 15 U.S.C. §1681e(b), and now violating 15 U.S.C. §1681i in its amended consumer report by reporting that Plaintiff had been convicted of a "gross misdemeanor," Hayloft reconsidered Plaintiff's application for an apartment lease.

26. On July 15, 2020 Plaintiff received notice that her application for an apartment lease had been approved. However, Plaintiff was notified she would have to wait until September 5, 2020 before she could move into her apartment and that the original apartment, she sought to rent was no longer available. Due to Defendant's initial reporting error, Plaintiff's desire to move into Hayloft was delayed and she had to incur additional expenses over what she would have paid to Hayloft.

27. As demonstrated by inaccurately reporting information relating to criminal convictions on consumer reports Defendant prepared regarding the Plaintiff herein and each member of the purported class, Defendant failed to follow the reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates pursuant to 15 U.S.C. § 1681e(b).

28. The Plaintiff's consumer report and amended consumer report contained false, deceptive, misleading and/or incomplete information about the plaintiff.

29. Defendant lacks any reasonable procedure to assure the maximum possible accuracy of the information concerning individuals about whom the reports relate.

30. Notwithstanding having her application eventually approved, Plaintiff's ability to move into the apartment she wanted was denied and her ability to move into an apartment through Hayloft has been delayed. Plaintiff has further been damaged, including but not limited to, the following ways:

    A. Additional costs related to housing;

    B. Embarrassment and humiliation of being labeled as a convicted felon;

    C. Emotional distress of finding an interim living situation; and

    D. Anxiety and fear relating to her unstable housing situation.

31. Defendant's conduct was the direct and/or proximate cause of Plaintiff's damages.

## CLASS ALLEGATIONS

32. This action is brought on behalf of a class of similarly situated persons defined as (i) all consumers nationwide; (ii) for whom Defendant prepared a consumer report with criminal record information; (iii) and for which Defendant inaccurately reported criminal record information because Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about who the report relates.

33. The class period begins two years before the date this case was filed and continues through the conclusion of this case.

34. The class is so numerous that joinder of all members is impracticable.

35. There are questions of law and fact, common to the class, which predominate over any questions affecting only individual class members. The principal question is:

   A. Whether Defendant willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates in the preparation of consumer reports.

36. There are no individual questions, other than the identification of class members, which can be determined by ministerial inspection of Defendant's records.

37. The Plaintiff will fairly and adequately protect the interests of the class and is committed to vigorously litigating this matter.

38. The Plaintiff has retained counsel experienced in handling class actions of this type and consumer claims. Neither the Plaintiff nor her counsel have any interest which might cause her not to vigorously pursue this claim.

39. The Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

40. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

   A. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and

   B. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendant has acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

42. Plaintiff requests the Court to certify a hybrid class or classes combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## CAUSES OF ACTION
## COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(As to the Plaintiff on Behalf of Herself and All Others Similarly Situated) –

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Under the FCRA, 15 U.S.C. §1681e(b), Defendant is required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

45. The consumer report contained deceptive, misleading and/or incomplete information about the plaintiff's criminal history.

46. Defendant and its agents, through the foregoing willful and/or negligent acts and omissions, violated 15 U.S.C § 1681e(b) by preparing a consumer report regarding Plaintiff Wiley and failing to follow reasonable procedures to assure maximum possible accuracy of the information.

47. Defendant violated 15 U.S.C. § 1681i in one or more of the following ways:

    A. by failing to delete inaccurate information in the Plaintiff's consumer file after receiving actual notice of such inaccuracies;

    B. by failing to accurately record the current status of the disputed information;

    C. by failing to conduct a reasonable reinvestigation; and

    D. by relying upon verification from a source it has reason to know is unreliable.

48. As a result of the Defendant's conduct and actions, as set forth above, the Plaintiff suffered actual damage, including, but not necessarily limited to, the following:

    A. The denial of an application for a rental of a residential apartment; and

    B. Embarrassment, humiliation, anguish, distress, and anxiety.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant as follows:

    A. Certification of this action to proceed as a class action;

    B. Appointing Plaintiff as class representative;

    C. Appointing Plaintiff's counsel as class counsel;

    D. Entry of the Declaratory Judgment fining Defendant 's practices challenged herein violate the FCRA;

    E. Entry of an Order enjoining Defendant from engaging in practices which violate the FCRA;

    F. For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1) against Defendant;

G. For an award of punitive and/or statutory damages in an amount allowed by the Court pursuant to 15 U.S.C. §§ 1681n(a)(2) and 1681o(a)(2) against Defendants;

H. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(b) against Defendant; and

I. For such other and further relief as may be just and proper.

## JURY DEMAND

The Plaintiff respectfully request a trial by jury.

Dated this 24th day of November, 2020.

Respectfully submitted,

  /s/ Samuel Z. Marks

Samuel Z. Marks IS9998821
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
sam@markslawdm.com

Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. #: 0249646
Consumer Justice Center P.A.
367 Commerce Ct.
Vadnais Heights, MN 55127
Telephone: (651)770-9707
Facsimile: (651)704-0907
Email:  tommy@consumerjusticecenter.com
(To Be *Admitted Pro Hac Vice*)

ATTORNEYS FOR PLAINTIFF